**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOHAMED BAH,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | Civ. No. 26-13957 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on Petitioner Mohamed Bah's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention as unlawful. Bah is a native and citizen of Sierra Leone who entered the United States on an F-1 student visa on August 5, 2022. After he failed to comply with the terms of his visa, it was revoked, and he was placed into removal proceedings. His applications for relief were denied by an immigration judge ("IJ") and, on April 1, 2026, his appeal to the Board of Immigration Appeals ("BIA") was dismissed. Respondents contend he has a final order of removal and that they have made efforts to remove him from the United States, with which Bah has refused to comply. The issue before the Court is whether his continued detention comports with due process. For the reasons explained below, the Petition is DENIED without prejudice.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Bah is a native and citizen of Sierra Leone who entered the United States at Dulles International Airport on an F-1 student visa on August 5, 2022. (ECF No. 6 at 1.) After entry, Bah failed to report to Cloud County Community College, the institution for which his visa was issued. (*Id.*) On September 2, 2022, his visa was revoked. (*Id.*)

Respondents report that on May 7, 2025, Homeland Security Investigations was notified that an international parcel containing narcotics was addressed to Bah's place of residence with his phone number provided for contact. (*Id.*) On June 5, 2025, the Department of Homeland Security ("DHS") issued a warrant for Bah's arrest and detained him. (*Id.*) DHS issued a Notice to Appear on the same day, placing Bah in removal proceedings. (*Id.*) Bah filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*)

Bah requested a review of DHS's custody determination by an IJ. On June 18, 2025, Bah was represented by counsel at his bond hearing, and the IJ denied bond because he was determined to be a flight risk and a danger to the community. (ECF No. 6-4.) On August 5, 2025, he was given another bond hearing, where bond was again denied because the IJ found that there had not been a change in circumstances since the previous bond hearing. (ECF No. 6-5.)

On August 20, 2025, an IJ denied Bah's applications for relief and issued a removal order in his case. (ECF No. 6-6.) Bah timely appealed to the BIA, but his appeal was dismissed on April 1, 2026. (ECF No. 6-7.) On July 7, 2026, Bah applied for a stay of removal from the Fifth Circuit, which was denied on July 9, 2026. (ECF No. 6-8.)

Respondents inform the Court that Bah was transferred to Winn Correctional Facility in Louisiana on October 25, 2026, but they do not contest the jurisdiction of this Court over the Petition (ECF No. 6), which was filed with the Court on October 26, 2026. Bah remains detained in ICE custody in Louisiana.

Bah is engaged to a U.S. citizen who gave birth to the couple's first child on January 21, 2026. (ECF No. 1-4 at 1.) His fiancé states that she and their child depend on Bah financially and that his detention has caused them incredible hardship financially and emotionally. (*Id.*) He

contests the legality of his detention and asks this Court for immediate release so that he can be with his family. (*Id.*)

Respondents contend that Bah's removal order became final on April 1, 2026, when the BIA dismissed his appeal and that he is therefore detained pursuant to 8 U.S.C. § 1231. They also allege that Bah has refused to support efforts to effectuate his removal, including by refusing to sign for travel documents and refusing to board a plane for deportation. (ECF No. 6-10 at 2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

The Court begins by addressing the relevant statute governing Bah's detention. A removal order becomes final "[u]pon dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1(a). Once the removal order is final, detention is governed by 8 U.S.C. § 1231. Under § 1231, detention is mandatory for the 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period may extend beyond the initial 90-days if "the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C); *see also Zadvydas*

*v. Davis*, 533 U.S. at 701 (finding a presumptive six-month limit to reasonable duration of post-removal-period detention).

Here, the BIA dismissed Bah's appeal on April 1, 2026, making his removal order final and his detention governed by § 1231 since that date. While Bah is no longer within the mandatory detention removal period, and his detention has now extended beyond the six-month presumptively reasonable period, Respondents assert that his continued detention is the result of Bah refusing to comply with efforts to remove him. They allege that Bah refused to complete the necessary paperwork to obtain his travel documents and that he refused to board a plane to carry out his deportation once the government had been able to obtain those documents. (ECF Nos. 6 at 1–2, 6-10 at 2.) Because he has acted to prevent his removal, Bah's detention may continue beyond the removal period and the six-month presumptively reasonable period to allow Respondents to effectuate his removal. 8 U.S.C. § 1231(a)(1)(C).

Finally, under *Zadvydas*, when a noncitizen makes an initial showing that their removal is not significantly likely in the reasonably foreseeable future, the government must rebut that showing. 533 U.S. at 701. Here, Bah has not alleged or provided evidence that his removal is not significantly likely. Furthermore, Respondents have provided a copy of his emergency travel document for Sierra Leone and submitted evidence that they have attempted to remove him from the United States, which was obstructed by Bah's own actions. (ECF No. 6-1.) As such, Bah's continued detention to effectuate his removal does not violate due process under the *Zadvydas* framework.

## IV. CONCLUSION

For the reasons explained herein, the Petition is DENIED without prejudice. An appropriate Order follows.

Dated: 20, November, 2026

s/Katharine S. Hayden
**KATHARINE S. HAYDEN**
**UNITED STATES DISTRICT JUDGE**